IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>MATTHEW J. MACKEY,<br>    Defendant. | Case No. 1:25-CR-10014-01 |

**Order**

**I**

Now before the Court is the Government's "Emergency Motion to Reconsider and Request for Stay." For the reasons stated, *infra*, the motion is denied.

Today, July 16, 2025, the Defendant, Matthew J. Mackey, initially appeared before this Court after being arrested on a federal warrant pursuant to an Indictment issued by the Grand Jury sitting in this District. That Indictment charged the Defendant with one count of Conspiracy to Violate the Clean Water Act (18 U.S.C. § 371 & 2; 33 U.S.C. §§ 1317(d), 1319(c)(2)(A)); five counts of Violation of the Clean Water Act National Pretreatment Standard (33 U.S.C. §§ 1317(d) & 1319(c)(2)(A); 18 U.S.C. § 2), and four counts of the Clean Water Act (33 U.S.C. § 1319(c)(2)(B); 18 U.S.C. § 2).

At the initial appearance, the Court asked the Government if it sought the Defendant's detention, to which counsel for the Government responded, "Yes", providing as a basis for seeking a detention hearing a "risk of flight and danger to the community."

The Court initially noted that "danger to the community" is not a basis for the government to request a detention hearing, and, as it relates to flight, the government

must make an initial showing that the case involves a "*serious*" risk that such person will flee or threaten a witness. 18 U.S.C. § 3142(f)(2)(emphasis added). The Court then asked the Government if it had evidence to present sufficient to establish this threshold requirement. The Government requested a recess to gather facts, which the Court granted. Upon returning to the courtroom, the Government proffered the following facts: 1) over a course of years, millions of dollars flowed through the Defendant's business; 2) the most serious offense carries a five-year mandatory *maximum* sentence; 3) the Defendant did not respond to a "target letter" from the Government; and 4) "the Defendant threatened a witness."

After taking a 10-minute recess, the Court found that the Government had failed to meet its burden in establishing that the case involved a serious risk of flight or serious risk that the Defendant would threaten a witness. Specifically, the Court held that related to a serious risk of flight, the fact that one count carried a five-year statutory maximum only established, at most, an "ordinary" risk of flight, not a "serious" one as required by § 3142(f)(2). The same was true for the vague statement that millions of dollars flowed through the Defendant's business. This information established only that the Defendant potentially had financial *means* to flee, but not that he was actually a serious risk of flight. Next, regarding the refusal to respond to the "target letter," the Court found that it would be improper for it to consider the defendant's exercise of his Constitutional right to refuse to speak to investigators and, regardless, the fact that he was aware of the investigation and did *not* flee prior to being arrested supported a conclusion that the Defendant was not a serious risk of flight. Finally, regarding Government counsel's proffer that the Defendant had "threatened a witness", the Court held that this mere conclusory statement was insufficient to meet the Government's burden to make its threshold showing. The proffer contained no "facts" or "evidence" sufficient to meet the burden; a mere recitation of a conclusory statement by the prosecutor of what it must ultimately

establish is insufficient. Rather, the Government must present *facts* from which *the Court* can conclude that the Government has met its threshold showing.

After the Court announced its conclusion, the Government then asked for a continuance to give it another chance to meet its threshold showing. The Court denied that request, noting that the Defendant could only be detained pending a *detention* hearing. Accordingly, the Government must, at the initial appearance, establish its entitlement to a detention hearing. If it fails to do so, the Defendant must be released on conditions; there is no legal basis to detain a Defendant even temporarily when the Government fails to establish at the initial appearance that it is entitled to a detention hearing. Although the Government said it could present the necessary evidence as soon as tomorrow, the Court again noted that it could not legally detain the Defendant, even temporarily, beyond the initial appearance if the Government could not, at that appearance, establish that it was entitled to a detention hearing. Moreover, the Government should have been prepared to meet its threshold showing at the initial appearance, given the plain language of the Bail Reform Act and this Court's strict application of the language of the Act for over 10 years as a magistrate judge in the Central District of Illinois.

Accordingly, the Court released the Defendant with Conditions.

## II

Shortly after the initial appearance, the Government filed the motion now pending before the Court. In that motion, the Government has abandoned its argument that the Defendant presents a serious risk of flight, focusing solely on the "threat to a witness" prong of § 3142(f)(2). Here is the totality of the Government's argument:

> 6. The Government believes that this holding is in error and that it is entitled to a detention hearing under the plain language of the statute. 18 U.S.C. § 3142(f)(2)(B) provides that the Court "shall" hold a detention hearing "upon a motion of the attorney for the Government . . . in a case, that involves a serious risk that such person will obstruct or

3

attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness." 18 U.S.C. § 3142(f)(2)(B) (emphasis added).

      7. The Government informed the Court that Mackey has threatened a witness in this case. The Government further requested an opportunity to present evidence on this issue as soon as tomorrow.

      8. The Government, by virtue of its proffer that Mackey has threatened a witness in this matter, has met its burden to, at a minimum, be allowed to present evidence on detention. This case involves a serious risk (in that it has already happened) that Mackey "will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness." 18 U.S.C. § 3142(f)(2)(B).

ECF Docket Number 15.

The Defendant has not had an opportunity to respond, but given the "emergency" nature of the motion and the "argument" made therein, no response is needed for the Court to resolve the motion.

### III

The bases for the Government seeking a detention hearing are set forth at 18 U.S.C. § 3142(f). Section (f)(1) lists various offenses which, if a Defendant is charged with one of them, automatically *entitles* the Government to a detention hearing. The Defendant in this case is not charged with any offense listed in § 3142(f)(1). The only other potential bases for the Government being entitled to a detention hearing are set forth in section (f)(2). That section provides:

> (2) upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves—
>     (A) a serious risk that such person will flee; or
>     (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.[1]

---

[1] Note that (f)(2) does *not* include "danger to the community" as a basis for seeking a detention hearing, as the Government originally asserted at the initial appearance. Danger to the community is a question related to whether a defendant should be released or detained *after* a detention hearing; it is not related to the threshold question of whether the Government is entitled to a detention hearing in the first place. *See* 18 U.S.C. § 3142(e)(1).

If the government fails to establish that a defendant is either charged with an offense falling within (f)(1) or that the case involves what is set forth in (f)(2), a defendant may not be detained—full stop. *See United States v. Twine*, 344 F.3d 987, 987 (9th Cir. 2003); *United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999); *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992); *United States v. Ploof*, 851 F.2d 7, 11 (1st Cir. 1988); and *United States v. Friedman*, 837 F.2d 156, 160 (3d Cir. 1986).

If, and only if, the government meets its threshold showing required by (f)(1) or (f)(2), then a defendant "shall be detained" if the court grants a continuance of the detention hearing. 18 U.S.C. § 1342(f). Significantly, this "shall be detained" language applies to the period from the initial appearance to the detention hearing itself. Nothing in the Bail Reform Act allows a Court to detain a defendant beyond the initial appearance to allow the Government time to demonstrate that it is entitled to a detention hearing in the first place.

As this Court stated at the initial appearance hearing on the record, the Government chose when to indict the Defendant and coordinated his arrest.[2] It had ample opportunity to gather the very minimal evidence necessary to meet the burden of satisfying (f)(2). Moreover, also as stated on the record at the initial appearance, this Court's strict adherence to the language of the Bail Reform Act should have been no surprise to the Government; this Court has been applying the law as stated in the Act consistently for over eleven years. Finally, the Court gave the Government a recess to gather the necessary information it needed to present to the Court and allowed it to present any facts it wished to present via proffer. Having been given this opportunity, the most the Government could muster was literally "he threatened a witness." That proffer was and is insufficient.

---

[2] This Court was informed by the U.S. Marshal yesterday that they intended to arrest the Defendant this morning.

To be sure, the burden of proof on the Government to establish it is entitled to a detention hearing pursuant to (f)(2) is low. It can be met with evidence presented solely by proffer. But whatever the low threshold is for satisfying (f)(2), it has to be more than a proffer that a defendant "threatened a witness." That is the very finding of fact that the *Court* must find based on the *facts* presented by the Government. What the Government did in this case is akin to arguing that, after a detention hearing, a defendant should be detained based on the prosecutor's proffer that "no conditions or combination of conditions can reasonably assure the appearance of the defendant or the safety of the community or any other person." That is not evidence; that is the *conclusion* the Court must make. To allow such a proffer to meet the Government's burden would make a mockery of proffers and the standard set forth at (f)(2).

The Court in *United States v. White*, 2021 WL 2155441 (M.D. of Tenn., May 27, 2021) reached a similar conclusion when it stated that the government's mere conclusory invocation of (f)(2) is not enough to meet its burden of demonstrating that it is entitled to a detention hearing. Specifically, that court stated:

> One might be tempted to assume that the Government's invocation of Section 3142(f)(2)(A) is conclusive as to whether it is entitled to a detention hearing. One might assume, that is, that if the Government claims via its motion that the case "involves a serious risk of flight," the claim is self-effectuating; the Government injects the issue of whether the case involves a serious risk of flight and, presto, the case thereafter necessarily "involves" a serious risk of flight, thus affording the Government the desired detention hearing. Any prevalence of such an assumption might explain why challenges are rare to the holding of a detention hearing or the threshold assertion that the case involves a serious risk of flight. But it is not a safe assumption.
> In fact, the case law referenced above suggests that a court may not find that a case involves a serious risk of flight just because the Government claims it does, but rather must make its own determination on the issue.

*Id.* at *7.

Having failed to meet its burden at the initial appearance, the Government now again basically asks for a do-over. It first re-asserts that its conclusory proffer satisfies its burden under (f)(2). For the reasons already stated, it does not. Second, the Government says it can present a witness as soon as tomorrow to bolster the proffer it made at the hearing today, and, therefore, the Court should stay its order of release, detain the Defendant, and give the Government a do-over tomorrow.

As already stated, the Government must establish a basis for holding a detention hearing *at the initial appearance* in order for the Court to detain the Defendant beyond that hearing, even temporarily. Having found the Government failed to meet that burden at the initial appearance, the Court has no authority to order the Defendant detained pursuant to a request for a "stay." Staying the finding the Court has already made at the initial appearance hearing has the effect of detaining the Defendant beyond that hearing without a legal basis; that the Court cannot do. Nor does the Government cite any authority to the contrary. Moreover, even now in its request for a stay, the Government *still* fails to present *any* facts in support of its assertion that the Defendant is a serious risk of threatening a witness. Still no details. Still no facts. Just that they have a witness. Period. Presumably, the witness they could have presented today and want to present tomorrow will have more to say than "the Defendant threatened a witness," but that is an assumption, given that the Government still hasn't proffered what the witness will actually *say.*

Which gets the Court to its final point. The burden the Government had at the hearing was very light. A proffer to the effect of "we have a witness who will testify that on such and such date, the defendant threatened a potential witness in this case by saying [insert threat here]" would, in the Court's opinion, have been enough. But that is not what the Government proffered here. And it offers no explanation why it was unable to marshal such a minimal amount of evidence in time for the initial appearance, especially given that the Court took a recess to allow the Government to gather the information it thought it needed. The Government did not ask for more

time, and then it presented the proffer it thought was sufficient.  The Government was given a full and fair opportunity to meet its very light burden, it failed to do so, and it is not entitled to a "do-over." The Government should come prepared to meet its minimal burden related to (f)(2) at the initial appearance and, when it fails to do so, is not entitled to take a second stab at it.  *See, e.g., Burks v. United States*, 98 U.S. 1, 11, (1978) (noting that the Double Jeopardy Clause, in the trial context, forbids a second trial for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster in the first proceeding).

IV

For the reasons stated, *supra*, the Government's motion is denied.

*It is so ordered.*

Entered on July 16, 2025

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE